**Affirm and Opinion Filed January 14, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00876-CV

**CECILIA SOO AND KEN SOO, Appellants**
**V.**
**TIMOTHY G. PLETTA, TRUSTEE, FOR AND ON BEHALF OF THE ANN
H. PLETTA AND TIMOTHY G. PLETTA REVOCABLE TRUST, AND
TIMOTHY G. PLETTA, INDIVIDUALLY, Appellees**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-06816**

## MEMORANDUM OPINION
Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Molberg

In this not-so-neighborly dispute between neighbors, appellants Cecilia and

Ken Soo appeal the denial by operation of law of their TCPA[1] motion to dismiss

appellee Trust's petition. We affirm. *See* TEX. R. APP. P. 47.4.

---

[1] "TCPA" refers to the Texas Citizens Participation Act, which is embodied in Chapter 27 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. The legislature amended the TCPA effective September 1, 2019, for actions filed on or after that date, as Trust and Pletta's action was. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. All citations to the TCPA are to the current version unless otherwise indicated.

# I. BACKGROUND

The Soos and Pletta[2] are next-door neighbors in Coppell, Texas. The Soos have lived in their home since June 2016. Trust owns the home where Pletta lives, and Pletta, an attorney, has occupied that home since 1997. Trust and Pletta are plaintiffs in the underlying lawsuit against the Soos.

This appeal arises from a May 14, 2020 lawsuit Trust filed against the Soos asserting claims to quiet title and for adverse possession, trespass, declaratory relief, and Texas Water Code violations. According to the original petition, the nature of the suit involves "a boundary dispute, [ten] year adverse possession claims, encroachment of and [o]nto real property, land, trespass and water diversion located in Dallas County, Texas, by and between adjacent land owners." Mostly, the dispute involves the placement of a shed, a pipe, and, primarily, a fence between the parties' properties.

Pletta signed the original petition as Trust's attorney. The original petition was then amended four times in four months. Only some of those pleadings are in the record before us.[3]

---

[2] "Pletta" refers to appellee Timothy G. Pletta, individually. "Trust" refers to appellee Timothy G. Pletta, as Trustee of the Ann H. Pletta and Timothy G. Pletta Revocable Trust. We use both when context requires it and when it is unclear from the briefs whether one or both are being referred to.

[3] The first, second and third amended petitions are not in the appellate record. According to the docket sheet, the first amended petition was filed about three weeks after the original petition; the second amended petition was filed about two weeks later, on the same day the Soos's TCPA motion was filed; the third amended petition was filed the day before the TCPA hearing began; and the fourth amended petition was filed twenty-eight days after the TCPA hearing concluded.

At some point in the midst of those amendments, new parties and new claims against the Soos and another party were added, but from this record, it is not exactly clear when each was added to the suit. According to the latest of the pleadings in the record, the new parties included Pletta, individually, and Creekview Owners Association,[4] and the new claims against the Soos included claims by Trust for conversion and deed restriction violations and a slander per se claim by Pletta, individually.[5]

The Soos filed a TCPA motion and supplemental motion to dismiss Trust's petition before Pletta became a party to individually assert his slander per se claim.[6] Trust filed a response in opposition; the Soos filed a reply. Both sides attached affidavits and exhibits. Generally, the Soos maintained that Trust's legal action was an effort to retaliate against them and chill their TCPA exercise of their rights of free speech and to petition because they obtained permits and approvals to build their

---

[4] Creekview Owners Association, which was added as a defendant below, is not a party to this appeal. Appellees asserted claims against the association for property code violations and declaratory judgment; those claims are not before us.

[5] In the latest of these amendments, Trust and Pletta describe the nature of the dispute as involving "theft, trespass and/or outright encroachment onto [Trust's] real property," "ground water diversion, multiple deed restriction violations[,] . . . conversion of [Trust's] property located by and between adjacent land owners[,]" and Pletta's "slander per se claim against [the Soos], who knowingly filed a [p]olice [r]eport . . . and [made] false and defamatory statements of and concerning [Pletta]." Aside from Pletta's individual slander per se claim against the Soos, the gravamen of the existing claims against the Soos concerns their allegedly wrongful acts regarding surface water (water code claim), a wooden shed (claim for deed restriction violations), a drainage pipe (trespass claim, in part), and a fence (all other claims).

[6] The Soos's TCPA motion and supplemental motion asked the trial court to dismiss "Plaintiff's petition." In both sides' TCPA filings, the Soos and Trust referred to only a single plaintiff, appellee "Timothy G. Pletta, Trustee, for and on behalf of the Ann H. Pletta and Timothy G. Pletta Revocable Trust." Unless otherwise noted, we use "TCPA motion" to refer to the original and supplemental TCPA motion.

fence and because they submitted a criminal complaint against Pletta on April 30, 2020, two weeks before Trust sued them.[7]  Trust disputed this.

The trial court began the TCPA hearing on August 13, 2020.  One day prior to the hearing, the third amended petition was filed.  While that pleading is not in the record, the TCPA hearing transcript suggests that this was the amended pleading in which Pletta was first named as a party and in which he first asserted his individual slander per se claim against the Soos.

During the hearing, the Soos's counsel referred to Pletta's new slander per se claim in urging dismissal.  Trust's and Pletta's counsel argued that Pletta's slander claim was not before the court because the pleading was filed only the day before.  The trial court agreed with Trust and Pletta.

Six days after the TCPA hearing began, the trial court continued the hearing.  During it, the Soos's counsel appeared to concede that Trust's claim for Texas Water Code violations was not based on or in response to any TCPA-protected activity.  Their counsel stated, at two different points in the hearing:

> But we would acknowledge, Your Honor, that the water code violation [does] not spring forth from my clients petitioning and communications with the governmental and . . . quasi-governmental agencies related to the fence.

---

[7] Trust's original petition and Trust and Pletta's fourth amended petition both refer to the criminal complaint.  Along with other items, the Soos submitted with their TCPA motion a copy of the criminal information charging Pletta with criminal mischief in connection with that complaint.  In his affidavit, Mr. Soo states, in part, "On . . . August 30, 2020, my wife and I were startled to discover [Pletta] aggressively shaking our fence in an apparent attempt to knock down or materially damage [it]. . . . I immediately called the Coppell Police Department for protection and to make a criminal complaint against [Pletta]."

–4–

. . . .

> But we would acknowledge that water code violations do not have the governmental and quasi-governmental connection, which we think clearly ties all the other claims to the TCPA.

Also, during the continuation of the hearing, the Soos's counsel again referred to Pletta's slander per se claim, maintained that it was proper for the court to consider the claim as fairly encompassed by the Soos's TCPA motion, and argued that Pletta's allegations made it clear that the Soos were being sued for calling the police department about Pletta. Counsel cited *Windsor v. Fleming*[8] as support for their argument that the court could consider Pletta's slander per se claim as one of the targets of the dismissal motion. The court indicated it would review the case, took the matter under advisement, and concluded the hearing on August 19, 2020.

Thirty days passed with no ruling. This caused the Soos's TCPA motion to be overruled by operation of law.[9]

The Soos timely appealed, which triggered a stay of all proceedings in the trial court pending resolution of this appeal.[10]

## II. ISSUES

On appeal, the Soos raise two issues:

---

[8] *Windsor v. Fleming*, No. 10-14-00392-CV, 2019 WL 3804484 (Tex. App.—Waco Aug. 7, 2019, pet. denied) (mem. op.).

[9] *See* TEX. CIV. PRAC. & REM. CODE §§ 27.005(a), 27.008(a) (providing in section 27.005(a) that the court must rule not later than the thirtieth day following the date a TCPA hearing concludes and stating in section 27.008(a), "If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.").

[10] *See* TEX. CIV. PRAC. & REM. CODE §§ 51.014(a)(12), 51.014(b).

–5–

(1)  Does the TCPA apply to this case because Mr. Pletta's claims are based on or are in response to [the Soos's] exercise of their TCPA-defined rights to petition and of free speech in petitioning and communicating with numerous governmental and quasi-governmental entities regarding the building of their fence and the criminal report of Mr. Pletta's attack of said fence?

(2)  Did Mr. Pletta fail to establish by clear and specific evidence a *prima facie* case for each essential element of each of his claims against [the Soos]?

Taken at face value, these issues seem to refer to Pletta individually, but in the beginning of their principal brief, the Soos define "Mr. Pletta" as "Appellee Timothy G. Pletta, Trustee for and on behalf of the Ann H. Pletta and Timothy G. Pletta Revocable Trust," the party we refer to as Trust.[11]

Although the Soos's briefs are somewhat inconsistent in that regard,[12] considering the Soos's own statement of the case, the scope of the TCPA motion, and the trial court's agreement with Trust and Pletta that Pletta's slander per se claim was not before the trial court—a matter we agree with and discuss in further detail below—we interpret the Soos's issues as referring to Pletta as trustee of Trust, not Pletta individually, and thus consider the Soos to present the following two issues:

(1) Does the TCPA apply to this case because Trust's claims are based on or are in response to the Soos's exercise of their TCPA-defined rights to petition and of free speech in petitioning and communicating with numerous governmental and quasi-governmental entities

---

[11] The Soos state, "This appeal arises from the District Court's denial by operation of law of [the Soos's] Motion to Dismiss (the "Motion") Pursuant to the Texas Citizens Participation Act (the "TCPA") the claims asserted by Appellee Timothy G. Pletta, Trustee for and on behalf of the Ann H. Pletta and Timothy G. Pletta Revocable Trust ("Mr. Pletta")."  This statement is included in the Soos's statement of the case on page three of their principal brief.  *See* TEX. R. APP. P. 38.1(d).

[12] At times, the Soos's reference to "Mr. Pletta" appears to refer to Pletta, Trust, or both.

regarding the building of their fence and the criminal report of Pletta's attack of said fence?

(2) Did Trust fail to establish by clear and specific evidence a *prima facie* case for each essential element of each of its claims against the Soos?

### III. STANDARD OF REVIEW & GENERAL TCPA ANALYSIS

Whether the TCPA applies to Trust's claims is an issue of statutory interpretation we review de novo. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied).

We ascertain and give effect to the legislature's intent as expressed in the language of the statute, considering the specific statutory language at issue and the TCPA as a whole, and we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *Dyer*, 573 S.W.3d at 424–25.

In conducting our review, we consider, in the light most favorable to the nonmovant, the pleadings, evidence a court could consider under civil procedure rule 166a,[13] and supporting and opposing affidavits stating the facts on which the liability or defense is based. *See* TEX. CIV. PRAC. & REM. CODE § 27.006(a); *Riggs & Ray, P.C. v. State Fair of Tex.*, No. 05-17-00973-CV, 2019 WL 4200009, at *4

---

[13] *See* TEX. R. CIV. P. 166a.

(Tex. App.—Dallas Sept. 5, 2019, pet. denied) (mem. op.) (citation omitted); *Reed v. Centurion Terminals, LLC*, No. 05-18-01171-CV, 2019 WL 2865281, at *3 (Tex. App.—Dallas July 3, 2019, pet. denied) (mem. op.) (citation omitted); *Dyer*, 573 S.W.3d at 424 (citation omitted).

A claimant's pleadings are usually "the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

As an anti-SLAPP statute,[14] the TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding).

The TCPA has a dual purpose: "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002.

Under the TCPA, and subject to certain exemptions,[15] "If a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party

---

[14] The TCPA is an anti-SLAPP statute. "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Krasnicki v. Tactical Entm't, LLC*, 583 S.W.3d 279, 282 (Tex. App.—Dallas 2019, pet. denied).

[15] *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a) (listing actions that the TCPA does not apply to). Neither party has raised any issues regarding TCPA exemptions in this appeal.

may file a motion to dismiss the legal action[,]" *id.* § 27.003(a), and a court "shall dismiss" it. *Id*. § 27.005(b). However, a court "may not" dismiss the legal action "if the party bringing [it] establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). Notwithstanding section 27.005(c), however, "the court shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

The TCPA defines "[l]egal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief" but does not include certain matters that are not at issue here.[16] *See* TEX. CIV. PRAC. & REM. CODE § 27.001(6).

Our review of a TCPA ruling generally involves three steps. *Creative Oil*, 591 S.W.3d at 132; *Youngkin*, 546 S.W.3d at 679–80. At step one, the party moving for dismissal has the burden to demonstrate that the legal action is based on or is in response to the party's exercise of the right of association, right of free speech, or right to petition or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b). *See* TEX. CIV. PRAC. &

---

[16] Under the TCPA, a "[l]egal action . . . does not include (A) a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief; (B) alternative dispute resolution proceedings; or (C) post-judgment enforcement actions." TEX. CIV. PRAC. & REM. CODE § 27.001(6).

REM. CODE § 27.005(b); *see also Creative Oil*, 591 S.W.3d at 132 (citing prior version of 27.005(b)).

If the movant does so, the analysis proceeds to step two, where the burden of proof shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c); *Creative Oil*, 591 S.W.3d at 132.

If a nonmovant satisfies its burden at step two, the analysis proceeds to step three, where the movant may still win dismissal by establishing an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(d); *Creative Oil*, 591 S.W.3d at 132 (citing prior version of section 27.005(d)).

## IV. APPLICATION

We first consider whether, as the Soos argue, Trust's claims are based on or are in response to the Soos's exercise of their TCPA-defined right of free speech or right to petition by communicating with and petitioning four entities—the Coppell Police Department, the City of Coppell, the Creekview Homeowners Association,[17] and the Dallas County District Attorney's Office—communications the Soos describe as concerning the building of their fence and their criminal report regarding Pletta's attack on the fence.

---

[17] The Soos identify the name of the association as the "Creekview Homeowners Association," while Trust and Pletta's fourth amended petition identifies the name as "Creekview Owners Association." We decide no issue involving the association in this appeal and express no opinion regarding its correct name.

–10–

Trust and Pletta dispute the Soos's characterization of their claims and describe the lawsuit as a private property dispute between adjoining landowners that is not factually predicated on any TCPA-protected rights. In their brief, Trust and Pletta state that none of the activities they complain about in this suit, "save for [Pletta's] individual slander claim . . . are protected activities within the TCPA's purview." As to Pletta's individual slander per se claim, Trust and Pletta argue that the claim was not the subject of the Soos's motion to dismiss, was not properly before the trial court during the TCPA hearing, and is not properly before us in this appeal. The Soos disagree.

*Pletta's Slander Per Se Claim*

As they did below, the Soos cite *Windsor v. Fleming* for the proposition that their TCPA motion applied to all claims, including Pletta's later-filed, individual slander per se claim, because all of the petitions are based on the same general factual allegations. Specifically, citing *Windsor*, the Soos state, "Under these circumstances, Texas courts have held that a TCPA motion to dismiss filed before an amended pleading applies to all claims in the amended pleading if both pleadings contain the same basic factual allegations sufficient to put the plaintiff on fair notice of the TCPA motion to dismiss."

*Windsor* does not discuss "fair notice" and, in any event, is distinguishable. *Windsor* concluded that an earlier-filed TCPA motion did not cease to be valid after a claimant filed an amended pleading that was generally based on the same

–11–

allegations and causes of action against the TCPA movant as in his earlier petitions. *See Windsor*, 2019 WL 3804484, at *16. This case, in contrast, involves an amended pleading adding a new claim—slander—by a new claimant—Pletta, individually. We see no reason to apply *Windsor* in such circumstances.

More importantly, to the extent that the Soos rely on the concept of "fair notice" as the basis for their position, the Texas Supreme Court expressly disagreed with fair notice arguments in *Montelongo v. Abrea*, 622 S.W.3d 290, 299 (Tex. 2021).[18] In *Montelongo*, the court concluded that an amended pleading constitutes or asserts a new legal action and starts a new sixty-day period to file a TCPA dismissal motion when the amended pleading "adds a new party as a claimant or defendant"[19] or "asserts a new claim involving different elements than a previously asserted claim." *See Montelongo*, 622 S.W.3d at 301.

Here, at least according to the latest pleading in the record, Trust and Pletta's amended pleading did both, adding Pletta as a new claimant and adding Pletta's new claim of slander per se, with different elements than Trust's previously asserted

---

[18] When discussing whether a new TCPA legal action is asserted when "an amended petition . . . asserts a new claim or legal theory, but does so based on the same essential factual allegations included in a prior petition," the court disagreed with the conclusions of several of our sister courts that (1) allowing a TCPA dismissal period to begin anew would undermine the TCPA's purposes, and (2) "as long as the prior pleading provided 'fair notice' of the facts on which the claimant asserts a right to relief . . . the defendant was able to seek dismissal of all claims based on those facts." *Montelongo*, 622 S.W.3d at 299 (citing cases). The court also did not agree that the "'fair notice' pleading standard justifies limiting a [TCPA] 'legal action' to 'essential factual allegations.'" *Id*. at 300.

[19] In such cases, the amended pleading "asserts a new legal action and starts a new sixty-day period to file a dismissal motion, but only as to the claims asserted by or against the new party." *Montelongo*, 622 S.W.3d at 296–97, n.8 (citing various cases).

–12–

claims.[20]  Thus, under *Montelongo*, the amended pleading first adding Pletta individually and Pletta's slander per se claim started a new sixty-day period for the Soos to file a TCPA motion to dismiss that claim.  *Id*.; *see* TEX. CIV. PRAC. & REM. CODE § 27.003(b) (stating deadline).

Because the Soos have not filed any such motion,[21] Pletta's slander claim was unaffected by the denial by operation of law of the Soos's TCPA motion and is not properly before us in this appeal.  *See* TEX. CIV. PRAC. & REM. CODE §§ 51.014(a)(12) (allowing interlocutory appeal of a denial of a TCPA motion).[22]

### *Trust's Claims*

We turn next to Trust's claims against the Soos.  The Soos and Trust dispute whether the Soos engaged in TCPA-protected activity, with the Soos arguing they

---

[20] "The tort of defamation includes libel and slander." *Neely v. Wilson*, 418 S.W.3d 52, 60 (Tex. 2013). To state a defamation claim, "a plaintiff must show (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, at least amounting to negligence, and (4) damages, in some cases." *Innovative Block of S. Texas, Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 417 (Tex. 2020).  The claims previously asserted by Trust against the Soos did not involve these elements.

[21] It is undisputed that the Soos did not file a TCPA motion to dismiss Pletta's slander per se claim before the TCPA hearing.  In the hearing, the Soos's counsel stated, "If we have to file a separate motion to dismiss [Pletta] to TCPA for that claim, we will."  We express no opinion on whether the sixty-day period under TCPA section 27.003(b) has expired or on whether dismissal of Pletta's slander per se claim would be proper under section 27.005 if the Soos later move to dismiss that claim.

[22] We reach this conclusion based not only on *Montelongo* as discussed herein but also on the TCPA's plain terms, which allow a TCPA nonmovant to "file [a] response, if any, not later than seven days before the date of the hearing on the motion to dismiss unless otherwise provided by an agreement of the parties or an order of the court." TEX. CIV. PRAC. & REM. CODE § 27.003(e).  Had the trial court considered Pletta's slander claim in the TCPA hearing, this would have effectively negated that provision, a result that would be inconsistent with the liberal construction the TCPA requires and with well-recognized principles of statutory construction.  *See id*. § 27.011(b) (TCPA "shall be construed liberally to effectuate its purpose and intent fully"); *Creative Oil*, 591 S.W.3d at 133 (among other things, statutory construction principles require courts to consider "the language of the specific provision at issue, within the context of the statute as a whole, endeavoring to give effect to every word, clause, and sentence") (citation omitted).

–13–

did, and Trust arguing they did not. Even if we assumed the Soos exercised their right of petition and right to free speech as defined in the TCPA,[23] we conclude the denial by operation of law of their TCPA motion was not error because the Soos failed to satisfy their burden of demonstrating that Trust's legal action is based on or in response to any such exercise.

The Soos maintain that Trust's legal action "is in response to and even factually predicated upon [their] building of their fence and criminal report made to the Coppell Police Department" and argue this establishes a sufficient nexus to trigger application of the TCPA. As support, they cite only *Cavin v. Abbott*, 545 S.W.3d 47, 69 (Tex. App.—Austin 2017, pet. denied), a case in which our sister court applied an earlier version of the TCPA and concluded that TCPA movants had met their initial TCPA burden of demonstrating that certain claims were "based on, related to, or in response to" TCPA-protected activity—a standard that the legislature has now narrowed. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), 27.005(b) (both referring to the current "based on or in response to" standard); *Mireskandari v. Casey*, No. 05-20-00769-CV, 2021 WL 5410609, at *7 n.8 (Tex. App.—Dallas Nov. 19, 2021, no pet. h.) (noting that current standard is more narrow). We decline to apply *Cavin* here.

---

[23] *See* TEX. CIV. PRAC. & REM. CODE § 27.001(3)–(4) (defining exercise of free speech and exercise of petition, respectively).

We also disagree with the Soos's arguments because of the position the Soos took in the trial court regarding Trust's water code claim and because the gravamen of Trust's remaining claims concern the Soos's allegedly wrongful acts concerning a wooden shed, a drainage pipe, and their fence, not any TCPA-protected communications the Soos had regarding the fence's placement. The Soos's argument that Trust's claims are "based on or in response to" TCPA-protected activity simply because that activity occurred before Trust filed its lawsuit amounts to a *post hoc ergo propter hoc* logical fallacy and does not satisfy the Soos's step-one burden. *See Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010) (mentioning fallacy in non-TCPA context); *Pierce v. Stocks*, No. 01-18-00990-CV, 2019 WL 3418513, at *5 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.) (concluding a movant's *post hoc ergo propter hoc* argument regarding claim's timing was insufficient to satisfy step-one TCPA burden); *Pierce v. Brock*, No. 01-18-00954-CV, 2019 WL 3418511, at *5 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.) (same). Concluding otherwise would effectively equate "based on or in response to" with the word "after" and would subject to TCPA coverage all non-exempted legal actions in which a party has to obtain a state or municipal permit or file a government-required application before taking a later-disputed action. This is an absurd result we are not inclined to reach. *See Dyer*, 573 S.W.3d at 424–25 (we construe TCPA according to its plain and common meaning,

unless a contrary intention is apparent from the context or unless such a construction leads to absurd results).

Viewing, as we must, the pleadings and TCPA evidence[24] in the light most favorable to Trust, *see Dyer*, 573 S.W.3d at 424, and considering that Trust's pleadings are usually "the best and all-sufficient evidence of the nature of the action," *see Hersh*, 526 S.W.3d at 467, we conclude the Soos failed to demonstrate that Trust's legal action is based on or in response to the Soos's exercise of the right of free speech or to petition. Thus, we find no error in the denial by operation of law of the Soos's TCPA motion to dismiss Trust's petition.

We overrule the Soos's first issue, and as a result, we need not reach their second issue. *See Goldberg v. EMR (USA Holdings) Inc.*, 594 S.W.3d 818, 833 (Tex. App.—Dallas 2020, pet. denied) (op. on reh'g) (after concluding appellants failed to satisfy their step one burden under the TCPA, court did not reach appellants' other issues, including whether appellees offered prima facie proof of the elements of each claim).

## V. CONCLUSION

We affirm the denial by operation of law of the Soos's TCPA motion to dismiss Trust's petition.

200876f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE

---

[24] *See* TEX. CIV. PRAC. & REM. CODE § 27.006(a) (listing items courts may review).

–16–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CECILIA SOO AND KEN SOO,
Appellants

No. 05-20-00876-CV      V.

TIMOTHY G. PLETTA, TRUSTEE,
FOR AND ON BEHALF OF THE
ANN H. PLETTA AND TIMOTHY
G. PLETTA REVOCABLE TRUST,
AND TIMOTHY G. PLETTA,
INDIVIDUALLY, Appellees

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-06816.
Opinion delivered by Justice
Molberg. Justices Goldstein and
Smith participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the denial by operation of law of appellants' TCPA motion to dismiss Trust's petition.

It is **ORDERED** that appellee TIMOTHY G. PLETTA, TRUSTEE, FOR AND ON BEHALF OF THE ANN H. PLETTA AND TIMOTHY G. PLETTA REVOCABLE TRUST recover its costs of this appeal from appellants CECILIA SOO AND KEN SOO.

Judgment entered this 14th day of January, 2022.